IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AMOCO OIL COMPANY,            }

      Plaintiff,             }

v.                       }      CASE NO. CV 00-B-1551-S

WILSON OIL COMPANY, INC.;   }
RAYMOND K. WILSON; RAYMOND  }
E. WILSON,                }

      Defendants.          }

**ENTERED**

*AUG 2 7 2001

## MEMORANDUM OPINION

      This matter is before the court on plaintiff's unopposed Motion for Summary Judgment.

Upon consideration of the record, the submissions of the parties, and the relevant law, the court

is of the opinion that plaintiff's Motion is due to be granted.

      In this suit, Wilson Oil Company, Inc. ("Wilson Oil") contracted with Amoco Oil

Company ("Amoco") to purchase on account gasoline and other petroleum products for resale to

the public. Amoco sold to Wilson Oil, and Wilson Oil took delivery of the products, thereby

incurring debt to Amoco as reflected in the statement of Wilson Oil's account dated May 31,

2000. On February 22, 1995, extending financial accommodation to or for the account of Wilson

Oil, Raymond E. Wilson unconditionally guaranteed payment when due of any and all

indebtedness to Amoco then existing or arising thereafter, however incurred, including

indebtedness of the account of Wilson Oil. On March 27, 1996, extending financial

accommodation to or for the account of Wilson Oil, Raymond K. Wilson executed a second

unlimited guarantee. On February 7, 2000, extending financial accommodation to or for the

15

account of Wilson Oil, Raymond K. Wilson and Raymond E. Wilson executed a third unlimited guarantee. Upon notice and demand of its delinquent account, Wilson Oil has failed and refused to make payment on its account to Amoco.

On September 8, 2000, plaintiff filed the Motion for Summary Judgment presently before the court. On September 14, 2000, the court entered an Order directing defendants to submit any opposition to plaintiff's Motion for Summary Judgment on or before September 28, 2000. Having received no opposition from plaintiff, this matter is now ripe for decision.

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b). Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

2

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and plaintiff is entitled to a judgment as a matter of law.  Defendants have not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff.  Thus, defendants have not only failed to meet their burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant granting of summary judgment for plaintiff.  Consequently, the court is of the opinion that plaintiff's Motion for Summary Judgment is due to be granted.  An order granting plaintiff's Motion for Summary Judgment will be entered contemporaneously with this Opinion.

DONE this 27th day of August, 2001.

SHARON LOVELACE BLACKBURN
United States District Judge

3